UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA DORSEY | CIVIL ACTION |
| VERSUS | NO. 16-3680 |
| THE HERTZ CORPORATION, ET AL | SECTION "N" (4) |

## ORDER AND REASONS

Presently before the Court is Plaintiff's, Barbara Dorsey ("Dorsey"), "Motion to Remand" (Rec. Doc. 6). Defendants Blue Bell Creameries, L.P. ("Blue Bell"), Jonathan Solvason ("Solvason"), and Travelers Commercial Casualty Company ("Travelers") filed a "Memorandum in Opposition to Motion to Remand," (Rec. Doc. 11) and Defendants Carla Cohodes ("Cohodes") and the Hertz Corporation ("Hertz") separately opposed the motion. (Rec. Doc. 13). Plaintiff has also filed a "Reply to Response to Motion to Remand," (Rec. Doc. 21) as well as a "Plaintiff's Supplemental Motion to Remand and Memorandum" (Rec. Doc. 28). Finally, Defendants Blue Bell, Solvason, and Travelers have filed a "Motion for Summary Judgment" (Rec. Doc. 10), which is opposed (Rec. Doc. 14).

Having carefully considered the parties' supporting and opposing submissions and applicable law, **IT IS ORDERED** that the "Motion for Remand" is hereby **GRANTED**, and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

### I. BACKGROUND

The instant case arises out of an automobile accident that took place on May 4, 2015. Dorsey filed a petition for damages in the Civil District Court for the Parish of Orleans, State of

1

Louisiana, naming Blue Bell, Solvason, Travelers, Cohodes, and Hertz as defendants.[1] (Rec. Doc. 1-1). Dorsey alleges that while traveling eastbound on Interstate 10 in Orleans Parish, she was hit in the rear of her vehicle as she stopped for traffic in the center lane. *Id*. Specifically, she alleges that "Carla Cohodes violently, suddenly and without warning crashed into the rear of Jonathan Solvason's vehicle pushing Solvason's vehicle into the rear of [her] vehicle." *Id*. Alternatively, she alleges that "Jonathan Solvason violently, suddenly and without warning crashed into the rear of [her] vehicle and thereafter Carla Cohodes crashed into the rear of the [sic] Solvason's vehicle causing the Solvason vehicle to crash back into the rear of [her] vehicle for the second time." *Id*.

Defendants thereafter filed a notice of removal in this Court on April 25, 2016, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1). Specifically, Defendants argue that the amount in controversy exceeds $75,000.00, and Defendants Blue Bell, Solvason, and Travelers were fraudulently joined. *Id*. Therefore, the citizenship of those defendants should be disregarded for purposes of diversity. *Id*. Specifically, Defendants argue that Dorsey cannot maintain a cause of action against Blue Bell, Solvason, or Travelers because they cannot be found liable for the accident under any circumstances. *See* Rec. Doc. 11.

In response to Defendants' notice of removal, Dorsey filed a motion to remand. (Rec. Doc. 6). Dorsey argues that there is a reasonable basis of recovery against Blue Bell, Solvason, and

---

[1] In Dorsey's petition for damages, she names Solvason as a defendant, as he was operating the middle vehicle at the time of the accident. In addition, she names Blue Bell, alleging that Solvason was within the course and scope of his employment with Blue Bell at the time of the accident. Dorsey also names Travelers as a defendant, as Travelers "had issued in full force and in effect, a policy of automobile liability insurance in favor of Defendants, Jonathan Solvason and Blue Bell Creameries Inc., which provided coverage for the negligence acts mentioned herein." (Rec. Doc. 1-1). Dorsey's petition also names Cohodes as a defendant, as she was operating the vehicle behind Solvason's vehicle at the time of the accident. Finally, Dorsey names Hertz as a defendant, alleging that Hertz owned the vehicle operated by Cohodes and "had issued in full force and in effect a policy of automobile liability insurance (believed to be a self-insured policy) in favor of Defendant, Carla Cohodes, which provided coverage for the negligent acts mentioned herein." (Rec. Doc. 1-1).

Travelers, and at the time the motion was filed, there had been "no discovery conducted to clearly establish the exact facts of what took place in the collision." (Rec. Doc. 6-2). Thereafter, Blue Bell, Solvason, and Travelers filed an opposition to the motion (Rec. Doc. 11), while Hertz and Cohodes separately opposed the motion (Rec. Doc. 13). Again, both oppositions allege that Blue Bell, Solvason, and Travelers were fraudulently joined, and Dorsey has no possibility of recovery against these defendants.

In addition to their opposition, Blue Bell, Solvason, and Travelers filed a motion for summary judgment. (Rec. Doc. 10-4). In this motion, Defendants largely assert the same arguments with regards to Dorsey's inability to maintain a cause of action against them. They argue that Hertz and Cohodes admit that they are at fault for the accident, as the Cohodes vehicle caused the Solvason vehicle to hit Dorsey. *Id*. Additionally, they assert that "Louisiana case law very clearly shields the diver of a 'middle' vehicle who was able to come to a complete stop before being pushed into the vehicle in front of it." *Id*. Dorsey opposed the motion (Rec. Doc. 14), arguing that there is a question of fact as to how the accident occurred.

Lastly, Dorsey filed a reply to Defendants' oppositions (Rec. Doc. 21), a first amended complaint (Rec. Doc. 25), and a supplemental motion to remand (Rec. Doc. 28). In her first amended complaint, Dorsey adds Amedisys Holding, L.L.C. ("Amedisys"), a limited liability company authorized to do and doing business in Louisiana, as a party to this action. *See* Rec. Doc. 25. Dorsey alleges that, at the time of the accident, "defendant, Carla Cohodes, was in the course and scope of her employment with defendant, Amedisys Holding, L.L.C., a domestic limited liability company with its domicile address located in Baton Rouge, Louisiana, and, therefore, Amedisys Holding, L.L.C., is vicariously liable unto petitioner under the doctrine of *respondeat superior*." *Id*.

In the supplemental motion to remand, Dorsey explains that the addition of Amedisys as a defendant makes remand necessary without having to consider the fault or domicile of Solvason. (Rec. Doc. 28). Dorsey explains that after Cohodes' deposition, it became "abundantly clear" that the she was in the course and scope of her employment with Amedisys at the time of the automobile accident. *Id*. Further, Dorsey argues that Cohodes' deposition testimony also reveals that there is a genuine question of fact as to whether Solvason hit Dorsey's vehicle prior to or after being hit by the Cohodes vehicle. *Id*. Therefore, Dorsey asserts that diversity between the parties does not exist, and the action must be remanded to state court. *Id*.

II. **LAW AND ANALYSIS**

Pursuant to 28 U.S.C. §1441(a), a civil action that was brought in a state court of which the United States district courts have original jurisdiction may be removed by the defendant(s) to the United States district court for the district and division embracing the location where such action is pending. *See* 28 U.S.C. §1441(a). In order for a court to have original jurisdiction under 28 U.S.C. §1332, complete diversity must exist between the plaintiff(s) and all properly joined defendants, and the amount in controversy must exceed $75,000.00. *See* 28 U.S.C. §1332. Moreover, to remove a case on the basis of diversity jurisdiction, "the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. §1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

Consequently, "when a nondiverse party is properly joined as a defendant, no defendant may remove the case under 28 U.S.C. § 1332." *Pitman v. Crane Co.*, No. 13-83, 2013 WL 1403326 *1 (E.D. La. Apr. 5, 2013). Removal is available, however, if the removing defendant shows that the nondiverse party was joined improperly. *See, e.g., Smallwood v. Ill. Cent. R.R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003). Although the Court must remand a removed action to state court if, at any time before final judgment, it appears that subject matter jurisdiction is lacking, the

Court's jurisdiction is fixed as of the time of removal.  28 U.S.C. § 1447(c); *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 (5th Cir.1996).

In establishing improper joinder, a party must prove either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003). With regards to the second way of establishing improper joinder, the court must evaluate "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

The court may establish whether the plaintiff has a reasonable basis for recovery under state law in one of two ways. First, the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id*. Typically, if a plaintiff is able to withstand a Rule 12(b)(6)-type challenge, there is no improper joinder. *Id*. Second, in cases in which the plaintiff has stated a claim "but has misstated or omitted discrete facts that would determine the propriety of joinder. . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id*.

Moreover,

> "The burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir.2003). Accordingly, we view "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Id*. Moreover, we must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non[ ]diverse defendant." *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir.2004) (quoting *Travis*, 326 F.3d at 649).

*Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758 (5th Cir. 2016). In the instant matter, Defendants put forth an improper joinder claim because they assert that Solvason, as the driver of the middle vehicle in a three-vehicle accident, is shielded from liability, and Dorsey has no possible cause of action against him. (Rec. Doc. 11). Dorsey asserts, however, that she is able to maintain a cause of action against Solvason and that she felt "two separate impacts from the rear." (Rec. Doc. 21).

In assessing whether Dorsey is able to maintain a cause of action against Solvason, the Court must examine the relevant portions of Louisiana law on negligence and rear-end collisions. The controlling state law is LSA-R.S. 32:81(A), which provides:

> The driver of a motor vehicle shall not follow another motor vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Under this statute, there is a presumption that the following driver in a rear-end collision is negligent. *Domingo v. State Farm Mut. Auto. Ins. Co.*, 10-264, p. 11-12 (La.App. 5 Cir. 11/9/10), 54 So.3d 74, 80. "To rebut this presumption and avoid liability, the following motorist has the burden of proving that he was not negligent by showing that he had his vehicle under control, closely observed the lead vehicle, and followed it at a safe distance under the circumstances." *Wagley v. State Nat. Ins. Co.*, No. 13-98, 2013 WL 5460576, at *2 (M.D. La. Sept. 30, 2013). In addition, the following driver can avoid liability by way of the "sudden emergency doctrine," by proving that "the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid." *Johnson v. Magitt*, 12-0200, p. 3 (La. App. 1 Cir. 9/21/12), 111 So. 3d 11, 12 (citing *Daigle v. Mumphrey*, 96-1891, pp. 2–3 (La. App. 4 Cir. 3/12/97), 691 So. 2d 260, 262). Furthermore, when "other vehicles are able to stop behind the lead car, the last car that

precipitates the chain reaction collision is negligent." *Domingo*, 54 So.3d at 81 (citing *Staehle v. Marino*, 201 So.2d 212, 214 (La.App. 4 Cir.1967)).

With regards to Dorsey's claims against Solvason, the Court is not persuaded that Dorsey has no possibility of recovery against this defendant under the showing made. Dorsey was involved in a three-vehicle accident, and Defendants have not met their burden in proving that Dorsey is unable to recover or state a claim against Solvason, solely because of his position as the middle vehicle. Such position does not shield him from liability under every set of circumstances.

While the Court finds that Dorsey has stated a claim upon which relief may be granted under a 12(b)(6)-type analysis, a summary inquiry yields the same result. In support of their claim for improper joinder, Defendants have pointed to a police report containing statements made by each of the drivers, an affidavit from Solvason, and an admission of fault by Cohodes. Each of these admissions state that Solvason's vehicle was pushed into Dorsey's vehicle. However, Dorsey has also submitted an affidavit stating that she felt two impacts from the rear. In addition, Dorsey has quoted deposition testimony of Cohodes that indicates uncertainty as to whether Solvason's vehicle made contact with Dorsey's vehicle prior to or after Cohodes' vehicle impacted Solvason. (Rec. Doc. 28).

This evidence, taken as a whole, indicates that there is a question of fact as to how the accident occurred. *See Wagley*, 2013 WL 5460576, at *3 (finding that the defendants presented insufficient evidence to carry the burden of proving improper joinder given that the standard requires the court to construe all disputed questions of fact and ambiguities in state law in the plaintiff's favor); *but see Edwards v. Liberty Mut. Ins. Co.*, No. 15-19, 2015 WL 2358256, at *2 (M.D. La. May 15, 2015) (finding that the defendants satisfied their burden in establishing that the plaintiffs had no reasonable possibility of recovery against a defendant when there was

7

evidence that the defendant's vehicle did not contact the plaintiff's vehicle).  In the instant matter, Defendants have not met their burden of proving improper joinder, so the citizenship of Solvason, Blue Bell, and Travelers must be considered in this Court's assessment of subject matter jurisdiction.[2] Therefore, given that Solvason and Dorsey are both citizens of Louisiana, the parties lack complete diversity. Accordingly, this Court lacks jurisdiction, and the matter must be remanded to state court.[3]

### III.   CONCLUSION

For the reasons stated herein,

**IT IS ORDERED** that the "Motion to Remand" (Rec. Doc. 6) is hereby **GRANTED**, and the matter is hereby **REMANDED** to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 7th day of November 2016.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[2] Given the Court's ruling on the motion to remand, it is unnecessary for the Court to address the pending motion for summary judgment.

[3] In addition, while Dorsey argues that remand is necessary with the addition of Amedisys as a defendant, she misstates the citizenship of Amedisys. Dorsey argues that Amedisys is a domestic company and submits proof of its registration as a limited liability company. However, when assessing the citizenship of a limited liability company for diversity purposes, the Court must assess the citizenship of all of the company's members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Here, the proof of Amedisys' domicile address, as listed on the Louisiana Secretary of State's website, is irrelevant in this Court's analysis of diversity, and Dorsey submits no proof upon which the Court could conduct a jurisdictional analysis. Therefore, remand is not appropriate based on this argument.